IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| J. F. BRENNAN COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-186 |
| v. ) | |
| ) | |
| NAVIGATORS INSURANCE COMPANY; ) | **TRIAL BY JURY DEMANDED** |
| ) | **ON ALL COUNTS SO TRIABLE** |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, J. F. Brennan Company, Inc. ("Brennan"), for its First Amended Complaint against Defendants Navigators Insurance Company ("Navigators") and Travelers Property Casualty Company of America ("Travelers"), alleges and states as follows:

### PARTIES

1. Brennan is a Wisconsin corporation with its principal place of business in La Crosse, Wisconsin. Brennan is a citizen of Wisconsin.

2. Navigators is a New York corporation with its principal place of business in New York. Navigators is a citizen of New York.

3. Travelers is a Connecticut corporation with its principal place of business in Connecticut. Travelers is a citizen of Connecticut.

4. Defendants Navigators and Travelers issued Plaintiff a policy of insurance with policy numbers CM15LIA00331601 and 41M27647 (the "Excess Policy") that was in effect April 1, 2015 through April 1, 2016.

5. Navigators was the lead underwriter and underwrote 50% of the Excess Policy. Travelers underwrote the other 50% of the Excess Policy.

6. The Excess Policy designated Navigators as the "lead underwriter" and memorialized the agreement of Travelers to "follow" Navigators "in regard to settlements" and "in respect of claims."

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendants because this action arises out of their contacts with the state of Wisconsin, including that the Excess Policy insures an entity (i.e., Brennan) having its principal place of business within this judicial district.

8. This Court has subject matter jurisdiction under 28 U.S.C. 1332(a)(1) because this civil action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. Plaintiff Brennan is a citizen of Wisconsin and no Defendant is a citizen of Wisconsin.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. From April 1, 2015 through April 1, 2016, Brennan was insured under a commercial general liability policy #VTKO339K1691IND15, (the "Primary Policy") underwritten by The Travelers Indemnity Company. The Excess Policy underwritten by Defendants provides insurance coverage to Brennan in excess of the limits of the Primary Policy.

11. In 2015, Brennan completed construction of a bulkhead wall, pursuant to a contract with Tetra Tech EC, Inc., at an RGL Holdings, Inc. facility on the Lower Fox River in Green Bay, Wisconsin.

12. On or about March 10, 2016, during the course of work on another project, the bulkhead wall failed for reasons that implicated liability of Brennan that was covered under the Primary Policy and the Excess Policy.

13. On or about March 14, 2016, Brennan notified the Primary Policy underwriter of the failure of the bulkhead wall.

14. Tetra Tech placed Brennan on notice of liability for the failure of the bulkhead wall and demanded that Brennan promptly repair the bulkhead wall. Subsequently, Brennan undertook to repair the damaged bulkhead wall.

15. On August 2, 2016, Brennan notified Defendants Travelers and Navigators that Brennan's insurance claim arising out of the damage to the bulkhead wall could exceed the coverage of the Primary Policy and Brennan would make a claim under the Excess Policy.

16. By February 2, 2017, the Primary Policy underwriter concluded that Brennan's claim was covered and agreed to pay the Primary Policy's $1,000,000.00 policy limit on Brennan's claim.

17. In July 2018, Defendants finally made a partial payment on Brennan's claim under the Excess Policy, but Defendants have steadfastly refused to pay the entire balance that Brennan is owed under the Excess Policy. Defendants owe Brennan more than $900,000.00.

## COUNT ONE
## BREACH OF CONTRACT
(against Navigators Insurance Company and Travelers Property Casualty Company of America)

18. Brennan re-alleges and incorporates by reference paragraph 1-16.

19. The Excess Policy is a binding contract between Brennan and Defendants.

20. Defendants breached the terms of the Excess Policy by failing to pay the full amount of Brennan's claim arising out of its repairs to the damaged bulkhead wall.

21. Defendants' failure to honor their obligations under the Excess Policy has caused damages to Brennan by requiring Brennan to incur and absorb more than $900,000.00 in expenses and damages for the repairs to the damaged bulkhead wall.

22. Defendants' payment of Brennan's claim is overdue under Wisconsin law.

**WHEREFORE**, Plaintiff Brennan prays for judgment against Defendants Navigators Insurance Company and Travelers Property Casualty Company of America as follows:

   a. For compensatory damages in an amount to be determined at trial;

   b. For all attorney fees, costs, and disbursements Brennan incurred as a result of Defendants' malfeasance described above, including all attorney fees, costs, and disbursements Brennan incurs in relation to this action;

   c. For all interest due and owing under Wis. Stat. § 628.46 and as otherwise permitted by law; and

   d. For all other relief this Court deems equitable or otherwise just and proper.

### COUNT TWO
### BAD FAITH
(against Navigators Insurance Company)

23. Brennan re-alleges and incorporates by reference paragraph 1-21.

24. There is no reasonable basis for Navigators to deny Brennan's claim for benefits under the Excess Policy.

25. Navigators knew of or recklessly disregarded the lack of a reasonable basis to deny Brennan's claim.

26. Navigators placed its interests above those of its insured and the recovery available to Brennan for Navigators' breach of contract does not adequately compensate Brennan for the damages suffered due to Navigators' intentional or reckless conduct.

**WHEREFORE**, Plaintiff Brennan prays for judgment against Defendant Navigators Insurance Company as follows:

    a.    For all attorney fees, costs, and disbursements Brennan incurred as a result of Navigators' malfeasance described above, including all attorney fees, costs, and disbursements Brennan incurs in relation to this action;

    b.    For punitive damages in an amount to be determined at trial;

    c.    For all other relief this Court deems equitable or otherwise just and proper.

GOLDSTEIN and PRICE, L.C.
and Robert Nienhuis (seeking pro hac vice admission)
and Neal W. Settergren (seeking pro hac vice admission)
and Giles Howard (seeking pro hac vice admission)

By: /s/ Giles B. Howard
One Memorial Drive, Suite 1000
St. Louis, MO 63102
Telephone: (314) 516-1700
Facsimile: (314) 421-2832
robert@gp-law.com
neal@gp-law.com
giles@gp-law.com

Attorneys for Plaintiff
J. F. Brennan, Company Inc.